UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HARRY DANIEL WILLETT,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THE UNITED STATES OF AMERICA, et. seq.,<br><br>　　　　　　　Defendants. | NO: CV-09-5085-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

　　　Before the Court is Defendants' Motion to Dismiss (Ct. Rec. 29). The Court has reviewed the motion, as well as Plaintiff's Motion in Opposition (Ct. Rec. 33), and Defendant's Reply (Ct. Rec. 36). Plaintiff is proceeding *pro se*, and the U.S. Attorney's Office represents Defendants. Previously, the Court screened Plaintiff's *pro se* complaint and found that only Plaintiff's claim under the Federal Torts Claim Act complied with Fed. R. Civ. P. 8 and could proceed to trial (Ct. Rec. 15 at 1).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

# BACKGROUND

Plaintiff Harry Daniel Willett ("Mr. Willett") alleges that he was employed as a civilian firefighter for the Department of Defense at two different locations in California between 1970 to 1979 (Ct. Rec. 4 at 8, 10-13). During a physical examination on November 28, 1977, Mr. Willett claims that medical staff told him that he could not continue working as a firefighter because of his "job related hearing loss" (Ct. Rec. 4 at 12). At a later date, Mr. Willett alleges that an official from the Civilian Personnel Office, Department of Army, "forced" Mr. Willett to resign as a firefighter because of his "job related hearing loss" (Ct. Rec. 4 at 12). On April 1, 1979, Mr. Willett alleges that he resigned from the Department of Defense (Ct. Rec. 4 at 13). In his letter of resignation, Mr. Willett claims that he complained about unsafe working conditions and specifically mentioned his hearing loss (Ct. Rec. 4 at 13).

Mr. Willett filed a complaint with this Court on October 28, 2009 (Ct. Rec. 4). In his complaint, Mr. Willett claims that his hearing loss was a direct result of his employment as a firefighter (Ct. Rec. 4 at 16). He alleges that his hearing was damaged by (1) daily tests of fire trucks' engines, pumps, and sirens; (2) trucks that were tested inside the firehouse when it was raining; (3) responding to emergencies in trucks where sirens were positioned close to his ears; and (4) frequent firehouse alarms (Ct. Rec. 4 at 8-9).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

## DISCUSSION

In Defendants' Memorandum in Support of its Motion to Dismiss, Defendants raise three separate arguments to support the dismissal of Mr. Willett's complaint (Ct Rec. 30). First, Defendants argue that the Court lacks subject matter jurisdiction because Mr. Willett's exclusive remedy lies under the Federal Employee Compensation Act ("FECA"), not the Federal Tort Claims Act ("FTCA") as Mr. Willett has alleged. Second, Defendants argue that Mr. Willett's complaint is barred by the statute of limitations for actions against the United States. Third, Defendants argue that Mr. Willett's complaint should be dismissed because he failed to show that he exhausted his administrative remedies before filing his complaint.

## APPLICABLE LAW

A defendant may assert the defense that a court lacks subject matter jurisdiction over an action under Fed. R. Civ. P. 12(b)(1). On a motion to dismiss, a court takes the allegations in the plaintiff's complaint as true. *See Whisnant v. United States,* 400 F.3d 1177, 1179 (9th Cir. 2005).

Under the FECA, the government is required to "pay compensation . . . for the disability . . . of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). The statute continues: "[t]he liability of the United States or an instrumentality thereof . . . with respect to the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

injury or death of an employee is exclusive and instead of all other liability of the United States . . . under a Federal tort liability statute." 5 U.S.C. § 8116(c). If compensation for an injury is available under the FECA, "all other statutory remedies for claims arising under the same facts are preempted." *Moe v. United States,* 326 F.3d 1065, 1068 (9th Cir. 2003). In other words, if the FECA applies, an employee may not seek compensation under any other statute.

FECA claims present two questions: "(1) is the injury within the scope of FECA, and (2) is the plaintiff entitled to compensation under the facts [of the] case." *Id.* A federal court answers the first question regarding scope, and the Secretary of Labor answers the second question regarding compensation. *Id.* "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Id.* (citing *Figueroa v. United States,* 7 F.3d 1405, 1408 (9th Cir. 1993); *see, e.g., Reep v. United States,* 557 F.2d 204, 206 (9th Cir. 1977) (dismissing an action for lack of subject matter jurisdiction because a federal employee's on-the-job injuries from an automobile accident was a valid claim under the FECA).

## DISCUSSION

In this case, Mr. Willett asserts a claim under the FTCA in his original complaint (Ct. Rec. 4 at 7). Mr. Willett alleges he sustained hearing damage "caused by high decibel sounds directly related to on the job noise generators"

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

while he was a civilian firefighter for the federal government (Ct. Rec. 4 at 16). Mr. Willett's alleged hearing damage is a "personal injury sustained while in the performance of his duty," as defined in 5 U.S.C. § 8102(a), and thus a "colorable claim under FECA." *See Moe,* 326 F.3d at 1068 (citing *Figueroa,* 7 F.3d at 1408). Therefore, the Court dismisses Mr. Willett's claim for lack of subject matter jurisdiction because his claim falls under the FECA, which preempts claims under the FTCA.

Even though the Court dismisses Mr. Willett's claim for lack of subject matter jurisdiction, the Court also will analyze whether Mr. Willett's tort claim is barred by the statute of limitations. Under the FTCA, tort claims against the United States are subject to a two-year statute of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). "The general rule in tort law is that the claim accrues at the time of the plaintiff's injury." *Davis v. United States,* 642 F.2d 328, 330 (9th Cir. 1981) (finding a plaintiff's claim was barred by the two-year statute of limitations because the plaintiff knew about his injury approximately eleven years before filing his complaint).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

Here, Mr. Willett discovered he had a "job related hearing loss" on November 28, 1977 (Ct. Rec. 4 at 12). Mr. Willett filed a civil complaint on October 28, 2009, which is more than thirty years after he knew about his injury. Accordingly, Mr. Willett's claim is also barred by the FTCA's two-year statute of limitations. Accordingly,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss (**Ct. Rec. 29**) is **GRANTED**.

2. Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss (**Ct. Rec. 33**) is **DENIED.**

3. Plaintiff's Complaint is **DISMISSED** without prejudice.

The District Court Executive is directed to enter this Order, provide copies to counsel and to the *pro se* Plaintiff, and **close the file.**

**DATED** this 8th day of November, 2010.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       United States District Court Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6